PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry No. 663]

Name of Offender: Chad Vincent       Case Number: 3:07-00159-04

Name of Judicial Officer: Honorable William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: December 22, 2009

Original Offense(s): 18 U.S.C. § 371, Conspiracy to Produce False Identification Documents and Produce Counterfeit Securities

Original Sentence: 42 months' custody; 3 years' supervised release

Type of Supervision: Supervised Release      Date Supervision Commenced: May 29, 2012

Assistant U.S. Attorney: Trey Hester      Defense Attorney: Jude Lenahan

## PETITIONING THE COURT

    X     To Consider Additional Violations/Information.
    ___     To issue a Summons.
    ___     To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
     ☐ Sealed Pending Warrant Execution
     (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other *to consider additional violations as requested*

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this 13th day of December, 2012, and made a part of the records in the above case.

/s/ William J. Haynes, Jr.
William J. Haynes, Jr.
Chief U.S. District Judge

Amanda M. Russell
U.S. Probation Officer

Place      Cookeville, TN

Date      December 11, 2012

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. <u>663</u>, has been amended as follows:

      <u>Violation No. 1</u> - has been amended to include additional positive drug tests.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| <u>1.</u> | **<u>The defendant shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.</u>** |

Since starting this term of supervision, Mr. Vincent has tested positive for illegal substances on eight separate occasions. He tested positive for Methamphetamine on July 25, July 31, August 10, October 9, and December 4, 2012. He tested positive for Morphine on August 22 and October 29, 2012, and for both Methamphetamine and Morphine on August 24, 2012.

When questioned by the probation officer on July 25, 2012, Mr. Vincent admitted using Methamphetamine in the Putnam County Courthouse on July 23, 2012. He reported being there for failure to make a restitution payment within one month and he ran into a friend that offered him Methamphetamine. He reported using approximately .25 of a gram in the courthouse bathroom. Mr. Vincent reported he was offered the illegal drug and he chose to use it. He further stated that he only used it one time and had not been using since his release in May 2012. Further, Mr. Vincent stated that he did not have a problem, that he made a choice. He admitted that it was a "stupid" choice, but he would not use again, as "it isn't fun anymore." He was instructed by the probation officer to not use Methamphetamine or any other illegal substances.

When questioned by the probation officer on August 10, 2012, concerning his continued Methamphetamine use, Mr. Vincent admitted to using three to four times since his admission on July 25, 2012. He reported that he used when an opportunity presented itself, unsure of the exact dates, but his last use was three days prior on August 7, 2012. The probation officer asked how he is using and Mr. Vincent advised that he "shoots up" and proceeded to show the probation officer the track marks on his left arm. Mr. Vincent admitted that he had a problem and agreed to enter inpatient substance abuse treatment. He was, again, instructed by the probation officer to not use Methamphetamine or any other illegal substances.

Prior to his admission to the 28-day inpatient substance abuse treatment program at New Leaf Recovery Center in Cookeville, Tennessee, on August 28, 2012, Mr. Vincent tested positive for Morphine on August 22, 2012, and for Methamphetamine and Morphine on August 24, 2012. Mr. Vincent contacted the probation officer on September 10, 2012, while in the New Leaf Recovery Center, with plans of leaving the treatment program early because of a job opportunity. The probation officer confronted Mr. Vincent concerning his continued drug use before entering treatment and he admitted to using. He stated that he used Morphine and Methamphetamine because it was "available" to him at the time. The probation officer strongly advised Mr. Vincent to complete the inpatient treatment program and noted he would not be approved to leave early for an employment opportunity, as it was apparent that Mr. Vincent has a serious drug problem.

Mr. Vincent completed the inpatient substance abuse treatment program on September 25, 2012, and, again, tested positive for Methamphetamine on October 9, 2012. When confronted with this positive drug test result on October 15, 2012, Mr. Vincent admitted that he has been using almost daily since approximately October 1, 2012. He reported his last use was just two days prior on October 13, 2012, but that he has no intentions of using again. Mr. Vincent was asked how he could afford to buy the illegal substances and he reported that he is "known" in the Cookeville area as being knowledgeable with how to make Methamphetamine and his suppliers have given him the drugs in exchange for his "knowledge" in making the illegal substance. The probation officer asked Mr. Vincent if he is making the Methamphetamine and he denied making it, but admitted to giving advice to the suppliers on how to make it. Mr. Vincent further admitted that when he missed his drug tests on October 4, October 5, and October 10, 2012, he would have been positive for Methamphetamine and didn't see the point in reporting for the drug tests.

Since the last report to the Court on October 23, 2012, Mr. Vincent has tested positive, again, for illegal substances on two separate occasions. He tested positive for Morphine on October 29, 2012. On December 4, 2012, after being arrested on his federal warrant, Mr. Vincent tested positive for Methamphetamine. During the drug test, Mr. Vincent admitted to "shooting up" Methamphetamine on December 1, 2012, and Dilaudid on December 2, 2012. Additionally, he admitted to not staying in contact with his probation officer, specifically, not reporting his whereabouts or complying with treatment.

**2.**    **The defendant shall participate in a program of drug testing and substance abuse treatment at the direction of the United States Probation Office.**
Mr. Vincent failed to report for drug testing and outpatient substance abuse treatment at Plateau Mental Health in Cookeville, Tennessee, on the following dates: October 4, October 8, and October 10, 2012. The probation officer was informed by Nathan Miller, Mr. Vincent's therapist at Plateau Mental Health, that Mr. Vincent was aware of all his appointments and random drug screens and failed to appear.

**3.**    **The defendant shall not associate with any persons engaged in criminal activity and shall not frequent places where illegal substances are sold, used, distributed, or administered.**
On October 15, 2012, Mr. Vincent admitted to associating with the suppliers of the illegal substances he consumed. He reported giving "advice" to the suppliers in exchange for the Methamphetamine.

**4.**    **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
On October 5, 2012, Mr. Vincent was instructed by the probation officer to report to the Nashville office that same day at 10:00a.m. He failed to report, but left a message on the probation officer's voicemail reporting that his car broke down in Smith County and he would not be able to report.

When questioned by the probation officer on October 9, 2012, Mr. Vincent reported that he did have car trouble, but he could not provide a repair receipt to the probation officer as a friend reportedly went to pick him up. The probation officer inquired as to why his friend would go and pick him up in Carthage, Tennessee, but not go ahead and bring him to Nashville, as he knew that he had been instructed to report. Mr. Vincent stated that his friend did not get to him until after 4:30p.m. and he knew the probation office would be closed upon his late arrival. This is contradictory to what he told the probation officer on October 15, 2012. On that date, he reported that he knew he would be positive for Methamphetamine and did not want to report as he knew he would be drug tested.

**5.** **The defendant shall pay restitution jointly and severally with his co-defendants at a minimum monthly rate of 10 percent of his gross monthly income.**

Mr. Vincent has failed to make a payment towards the balance of his restitution since his release from incarceration on May 29, 2012. The current balance is $57,795.40.

## Compliance with Supervision Conditions and Prior Interventions:
Chad Vincent began his current term of supervised release on May 29, 2012, and he is due to terminate supervision on May 28, 2015. He is unemployed and his last known address was in Cookeville, Tennessee, with his mother and step-father.

After his initial release from custody in June 2010, he participated in outpatient substance abuse treatment at Plateau Mental Health Center in Cookeville, Tennessee, as recommended, from August 2010 to April 2011.

At that time, Mr. Vincent was using Methamphetamine and tested positive for the controlled substance on the following dates: March 29, April 5, and April 14, 2011. He was re-incarcerated in April 2011, due to mistakenly not fulfilling his entire custody sentence as ordered by the Court.

A report was submitted to the Court on August 7, 2012, regarding Mr. Vincent's positive drug test for Methamphetamine on July 25, 2012. The probation officer reprimanded Mr. Vincent for violating the conditions of his supervised release and re-instructed him to not purchase, use, or distribute any controlled substances. He admitted that he needed help and agreed to enter, and successfully complete, inpatient substance abuse treatment at New Leaf Recovery Center in Cookeville, Tennessee. The Court ordered no action on August 10, 2012.

Following his release from incarceration, Mr. Vincent was referred to Plateau Mental Health Center in Cookeville, Tennessee, for outpatient substance abuse treatment and random drug testing. He has failed to actively participate in individual treatment and random drug testing.

## Update of Offender Characteristics:
On October 15, 2012, Mr. Vincent reported his mother and step-father kicked him out of their home, upon learning of his return to illegal drug use. During the probation officer's last contact with Mr. Vincent, he advised that he was sleeping in his vehicle, but planned to go to the Cookeville Rescue Mission. Prior to his arrest on the federal warrant on December 4, 2012, Mr. Vincent's whereabouts were unknown to the probation officer. He is currently in federal custody, pending his revocation hearing.

## U.S. Probation Officer Recommendation:
It is respectfully requested that these additional violations be considered at a revocation hearing to be held before Your Honor on December 19, 2012. These new violations have been discussed with Assistant U.S. Attorney Trey Hester who concurs with the recommendation. Given that he has had an opportunity to benefit from inpatient substance abuse treatment and ongoing outpatient treatment, and he has continued to use Methamphetamine and Morphine, it is recommended that his supervised release be revoked.

This matter has been reported to the U.S. Attorney's office, who concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. CHAD VINCENT, CASE NO. 3:07-00159-04

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class D Felony) *18 U.S.C. § 3583(e)(3)* | 8-14 months U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 36 months less any term of imprisonment imposed *18 U.S.C. § 3583(h)* | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

18 U.S.C. § 3583(g)(4) allows for mandatory revocation if the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). Pursuant to 18 U.S.C. § 3583(g)(1), revocation is also mandatory if the Court finds the defendant illegally possessed a controlled substance in violation of the condition set forth in subsection (d).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Upon a finding that a defendant violated a condition of probation or supervised release by being in possession of a controlled substance, the Court is required to revoke probation or supervised release and impose a sentence that includes a term of imprisonment. U.S.S.G. § 7B1.4. (Application note 5)

Respectfully Submitted,

Amanda M. Russell
U.S. Probation Officer


Approved: _____

Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Chad Vincent

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:07-00159-04

3. **District/Office** MD/TN

4. **Original Sentence Date** 12 / 22 / 2009
                           month   day   year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance. | C |
| Shall participate in a program of drug testing and substance abuse treatment. | C |
| Shall not associate with any persons engaged in criminal activity and shall not frequent places where illegal substances are sold, used, distributed, or administered. | C |
| Shall answer truthfully all inquires and follow instructions of probation officer. | C |
| Shall pay restitution at a minimum rate of 10% of gross monthly income. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     VI

10. **Range of Imprisonment** *(see §7B1.4(a))*     8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) 57,795.40      Community Confinement _____

    Fine($) _____              Home Detention _____

    Other _____                Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002